# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **DARRELL DAN FLOYD, SR.,** : | |
| Plaintiff : | |
| vs. : | 1:05-CV-115(WLS) |
| **DOTHAN CITY POLICE,** : | |
| : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendant. : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

Plaintiff, DARRELL FLOYD, SR., filed the instant complaint under 42 U.S.C. § 1983 against City of Dothan, Alabama police department alleging various civil rights violations. Dothan is in the Middle District of Alabama. 28 U.S.C. § 81(b)(2).

Title 28 U.S.C. § 1391(b) reads as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Because defendant resides within the Middle District of Alabama, and none of the events or omissions giving rise to plaintiff's claim occurred in the Middle District of Georgia, the court finds that the proper venue for this action is in the Middle District of Alabama. This court may, in the interests of justice, transfer an action filed in the wrong district or division. 28 U.S.C. §§ 1404(a), 1406(a).

Dockets.Justia.com

Because it appears that this action should have been filed in the Middle District of Alabama, transfer to that district is appropriate. The Clerk of Court shall therefore **TRANSFER** the instant action to the Middle District of Alabama, Southern Division.

**SO ORDERED**, this 30th day of August, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh